UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STACY BUTLER and CAROL SODJA,

                    Plaintiffs,

        v.                                                    **DECISION AND ORDER**
                                                              10-CV-699S

CITY OF BATAVIA, Chief of Police, SEHMS,
Officer PECK, Officer ZOLA, RICHARD MAGER,
and VICTORIA MAGER,

                    Defendants.[1]

## I. INTRODUCTION

Plaintiffs, Stacy Butler and Carol Sojda, bring this action under 42 U.S.C. § 1983 alleging that the City of Batavia and several of its police officers (collectively, the "Batavia Defendants") retaliated against them in violation of their First Amendment rights. Plaintiffs also bring a state-law claim against Richard and Victoria Mager, alleging negligent infliction of emotional distress. Presently before this Court are each Defendant's Motion to Dismiss and Plaintiffs' Motion for an Extension of Time to File Service of Process. (Docket Nos. 17, 18, 26.) The Batavia Defendants move for dismissal under Fed. R. Civ. P. 12(b)(4), for insufficient process, and under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. The Magers request that if this Court were to dismiss the federal claims against the Batavia Defendants, it also dismiss the state claim against them. For the following reasons, both the Batavia Defendants' and Mager's Motions to Dismiss are granted and Plaintiffs' Motion is denied as moot.

---

[1]Plaintiffs initially named Christopher Mager as a defendant, but he was later terminated as a party. (Docket No. 16.) Defendants spell Chief Sehms name without the "s" at the end.

## II. BACKGROUND

**A.    Facts[2]**

Plaintiffs, a lesbian couple, purchased a home together in the City of Batavia in late 2002. (Complaint, ¶ 15; Docket No. 1.) According to the complaint, their neighbors, the Magers, consistently harassed and generally made Plaintiffs feel unwelcome in the neighborhood.   (Id., ¶ 21.) Despite Plaintiffs' complaints, the City of Batavia Police Department took no action against the Magers. (Id.) Growing increasingly frustrated, Plaintiffs filed an action in this Court on November 27, 2006 against the same set of Defendants as named in this action. See Butler v. City of Batavia, 545 F. Supp. 2d 289 (W.D.N.Y. 2008). That complaint, alleging discrimination and retaliation, was dismissed by this Court on March 3, 2008. Id. The Second Circuit affirmed the decision the following year. Fed. App'x 21 (2d Cir. 2009) (summary order).

In this action, Plaintiffs allege that Defendants retaliated against them for filing that lawsuit. Specifically, Plaintiffs allege that the Batavia Defendants "consistently drove by Plaintiffs' home slowly, staring at Plaintiffs' residence," and that once, "while walking on East Side Avenue, Plaintiffs were followed by a Batavia City Police car which squealed its tires as it deliberately accelerated past the Plaintiffs." (Complaint, ¶¶ 27, 29.)[3]

---

[2]Facts alleged in Plaintiffs' complaint are accepted as true for the purposes of resolving this motion. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

[3]Plaintiffs also allege that a Genesee County Sheriff's car once followed them and revved its engine. (Complaint, ¶ 28.) However,  Genesee County is not named as a defendant and there is no indication in the complaint that Genesee County is associated with any of the named Defendants.

They also allege that the Magers continued to harass them after the lawsuit by revving their engines in front of their home and throwing garbage and stones in their yard. (Id., ¶ 31.) Further, on February 14, 2010, the Plaintiffs found a decapitated squirrel in their driveway – the Plaintiffs believe that the Magers are to blame for this. (Id., ¶ 32.)

Because of this treatment, including the Batavia Defendants' "stalking" behavior, Plaintiffs were forced to sell their home and move out of Batavia. (Id., ¶ 34.)

## B.    Procedural History

Plaintiffs' filed their complaint on August 20, 2010. (Docket No. 1.) The Magers answered on February 24, 2011 and filed an amended answer March 1, 2011. (Docket Nos. 9, 13.) By stipulation, Christopher Mager was dismissed as a party on March 3, 2011. (Docket No. 16.)  The Batavia Defendants moved to dismiss the complaint two weeks later on March 17, 2011. (Docket No. 17.) The Magers followed suit the next day. (Docket No. 18.) On May 5, 2011, Plaintiffs' moved for an extension of time to file service of process. (Docket No. 26.) This Court took these motions under advisement without oral argument.


## III.  DISCUSSION

## A.  Motion to Dismiss Standard – Rule 12(b)(6)

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6).  Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim.  Fed. R. Civ. P. 8(a)(2).  But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

3

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)  ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 129 S. Ct. at 1945 (quoting Twombly, 550 U.S. at 570).  Labels, conclusions, or a "formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged.  Iqbal, 129 S.Ct. at 1949. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief.  Id. at 1950; Fed. R. Civ. P. 8 (a)(2).  Well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Courts therefore use a two-pronged approach to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits."  Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). This examination is context specific and requires that the court draw on its judicial experience and common sense.  Iqbal, 129 S.Ct. at 1950. First, statements that are not entitled to the

presumption of truth – such as conclusory allegations, labels, and legal conclusions – are identified and stripped away. See Iqbal, 129 S.Ct. at 1950. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." Id.

**B.    42 U.S.C. § 1983**

Civil liability is imposed under 42 U.S.C. § 1983 only upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the United States Constitution and its laws.  See 42 U.S.C. § 1983.  On its own, § 1983 does not provide a source of substantive rights, but rather, a method for vindicating federal rights conferred elsewhere in the federal statutes and Constitution. See Graham v. Connor, 490 U.S. 386, 393-94,109 S. Ct. 1865, 1870, 104 L. Ed. 2d 443 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 145 n. 3, 99 S. Ct. 2689, 2695, 61 L. Ed. 2d 433 (1979)). Accordingly, as a threshold matter in reviewing claims brought pursuant to § 1983, it is necessary to precisely identify the constitutional violations alleged. See Baker, 443 U.S. at 140.  Here, Plaintiffs' § 1983 claims arise under the First Amendment.

**C.    First Amendment Retaliation**

Plaintiffs argue that the Batavia Defendants retaliated against them for exercising their First Amendment rights. To state a First Amendment retaliation claim, Plaintiffs must plead that (1) they exercised an interest protected by the First Amendment; (2) Defendants' actions were motivated, or substantially caused by, their exercise of that right; and (3) Defendants' actions chilled the exercise of their First Amendment right. Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001).

The Batavia Defendants do not dispute that Plaintiffs' previous lawsuit constituted protectable speech. They argue, however, that Plaintiffs have not met the second and third prongs necessary to state their claim.

The allegations linking the Batavia Defendants to the alleged retaliation are indeed scant. The only factual allegation tending to show that the Batavia Defendants' actions were "motivated or substantially caused by" the filing of the lawsuit is that, on the day the suit was filed, the Batavia Defendants began to drive slowly past Plaintiffs' house. Yet, even assuming that this sufficiently alleges a causal link, Plaintiffs have failed to meet the third prong of their claim.

Typically, private citizens claiming retaliation for their criticism of public officials have been required to show that they suffered an "actual chill" in their speech as a result. See Zherka v. Amicone, 634 F.3d 642, 645 (2d Cir. 2011) (citing Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir.2004)). Here, Plaintiffs only generally and, in a conclusory style, aver that the Batavia Defendants' conduct "deterred Plaintiffs, [who are] persons of ordinary firmness, from exercising their First Amendment rights." (Complaint, ¶ 35.)  Significantly, they do not state in what fashion they planned on exercising these rights, such that their efforts were "chilled" by the Batavia Defendants' actions. Such a defect alone warrants dismissal. See Twombly, 127 S. Ct. at 1966; see also Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987) ("It is well settled that to state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983.").

However, in claiming a chilling effect, Plaintiffs might be trying to allege that the Batavia Defendants' actions had a chilling effect on their right to bring future lawsuits or grievances against them. If that is the case, Plaintiffs are not required to demonstrate that they were "subjectively" or "actually" chilled. See Gill, 389 F.3d at 383 ("If bringing the action demonstrates that the plaintiff has not been chilled – and has failed to meet the subjective test – then such a plaintiff could never seek redress for retaliation."). Such a requirement would result in an unjust "catch-22." Plaintiffs' suit, which alleges that their right to bring a lawsuit was chilled by Defendants' intimidation, would be barred by the very act of bringing this suit. In such a situation, "an objective standard [] provides the only workable means of determining whether a defendant's conduct constitutes adverse action." Saleh v. City of New York, No. 06 Civ. 1007 (SHS), 2007 WL 4437167, at *4 (S.D.N.Y. Dec. 17, 2007). Under this standard, Plaintiffs must show that the alleged retaliatory conduct "would deter a [person] of ordinary firmness from vindicating his or her constitutional rights." See Gill, 389 F.3d at 384.

So construed, Plaintiffs have still failed to state a claim. In total, Plaintiffs have alleged that the Batavia Defendants committed two retaliatory acts, namely that Defendants: (1) consistently drove slowly by Plaintiffs' home while staring at the residence and (2) once followed Plaintiffs in a patrol car and caused the car's tires to squeal as they left. Such accusations are the type of *de minimus* allegations that courts should dismiss under Rule 12(b)(6). See Davis v. Goord, 320 F.3d 346, 353 (2d Cir. 2003) (*de minimus* retaliatory acts are outside the ambit of constitutional protection); see also Iqbal, 129 S. Ct. at 1950 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense."). These are simply not type of acts that would deter a person of ordinary firmness from exercising her constitutional rights.

Plaintiffs also seemingly seek to meet the third prong of their claim by arguing that the Defendants' retaliatory acts forced them to sell their home and move. Accepting this argument would essentially require this Court to find that they can sustain a First Amendment retaliation claim without any allegation that their speech was chilled. Although "other forms of harm have been accepted as satisfying th[e] injury requirement in the context of a claim that a public official has injured the plaintiff in retaliation for her exercise of her First Amendment rights," those situations are "limited" to certain exceptions not present here. See Zherka, 634 F.3d at 645 (recognizing exceptions for retaliatory revocation of building permit and retaliatory failure to enforce zoning laws). Further, even if Plaintiffs could establish injury without an allegation that their speech was chilled, Defendants actions, as noted above, are an inadequate basis on which Plaintiffs could state such a claim. Consequently, the Batavia Defendants' motion to dismiss is granted.[4]

**D.    State Claim against the Magers**

The remaining claim in this case is a state-law claim for negligent infliction of emotional distress against Richard Mager and Victoria Mager. The United States Supreme Court has instructed that courts should ordinarily decline to exercise supplemental jurisdiction in the absence of federal claims. See Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (noting that in the usual case where all federal claims are eliminated before trial, the relevant factors informing the decision of whether to exercise supplemental jurisdiction will "point towards declining to exercise

---

[4]This finding renders Plaintiffs' motion for an extension of time to file service moot.

jurisdiction over the remaining state-law claims"); <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

The Second Circuit shares this view: where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Valencia ex rel. Franco v. Lee</u>, 316 F.3d 299, 305 (2d Cir. 2003). Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claim.

## IV. CONCLUSION

For the reasons discussed above, the Batavia and Mager Defendants' motions to dismiss are granted. Plaintiffs' motion for an extension of time to file service is denied as moot.

## V. ORDERS

IT HEREBY IS ORDERED, that the Batavia Defendants' Motion to Dismiss (Docket No. 17) is GRANTED.

FURTHER, that this Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claim. The Mager Defendants' Motion to Dismiss (Docket No. 18) is therefore GRANTED and Plaintiffs' state-law claim is dismissed without prejudice.

FURTHER, that Plaintiffs' Motion for an Extension of Time to File Service of Process (Docket No. 26) is DENIED as moot.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED

Dated:        February 25, 2012
              Buffalo, New York

_____/s/William M. Skretny_____
WILLIAM M. SKRETNY
Chief Judge
United States District Court